Filed 4/19/16  Conservatorship of Davis CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| Conservatorship of the Person and Estate of HELEN DAVIS. | B265052 |
| LAURACK D. BRAY, <br><br> Petitioner and Appellant, <br><br> v. <br><br> DIANNE JACKSON, <br><br> Objector and Respondent. | (Los Angeles County Super. Ct. No. BP159733) |

APPEAL from an order of the Superior Court of Los Angeles County, David J. Cowan, Judge.  Affirmed.

Laurack D. Bray, in pro. per., for Petitioner and Appellant.

Dianne Jackson, in pro. per., for Objector and Respondent.

_____

Appellant Laurack Bray and his sister, Respondent Dianne Jackson, filed competing petitions for conservatorship for their 93-year-old mother, Helen Davis. The probate court, after appointing counsel for Davis and conducting an evidentiary hearing, granted Jackson's petition and denied Bray's. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

During intra-familial disputes concerning the care of Helen Davis, her daughter, Dianne Jackson, filed a petition to be appointed conservator of her person and estate on February 6, 2015.[1] Two months later, Davis's son Laurack Bray filed a second petition seeking his own appointment.

The probate investigator prepared a report, which was mailed on March 24, 2015. A second report was mailed to all parties on May 30, 2015. Neither report is contained in the record. However, the record does contain two reports from the probate Volunteer Panel (PVP) attorney appointed for Davis. The first, dated April 9, 2015, reflects his investigation, including interviews with Davis and both of her children. The report indicated that Davis consented to the conservatorship and to the appointment of Jackson as the conservator, and recommended that appointment. On June 2, 2015, after Bray filed his petition, the PVP attorney prepared a second report, making the same recommendation after review of additional documents and re-interviewing Davis and others.

The parties, each self-represented, appeared in court on June 4, 2015, at which time the court indicated it had reviewed the report of the PVP attorney, as well as the court investigator, and that both recommended the granting of Jackson's petition. Bray challenged statements in the PVP report, and requested an evidentiary hearing. The court set that hearing for June 12, 2015.

On June 12, the court took testimony from both Bray and Jackson. At the conclusion of that testimony, the court found that the evidence was "overwhelmingly in favor of Jackson's petition," stating as its reasons: Davis's stated preference and her previous signature of a healthcare directive naming Jackson; that Jackson, and not Bray, visited

---

[1] No copy of the petition is contained in the record on appeal, but neither party disputes its filing.

2

regularly and provided assistance to Davis; and that Bray's conduct demonstrated that it would not be in Davis's best interest for him to be her conservator. The court denied Bray's petition and granted Jackson's. Bray appealed.

## DISCUSSION

**Standard of Review**

The relevant Probate Code provision, section 1801, subdivision (e), requires the showing to establish a conservatorship to be made by clear and convincing evidence. (*Conservatorship of Sanderson* (1980) 106 Cal.App.3d 611, 620; *People v. Karriker* (2007) 149 Cal.App.4th 763, 780.)

In reviewing the probate court's determination, however, we determine only whether the findings made by the court are supported by substantial evidence. (See *Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 880-881 ["The 'clear and convincing' standard . . . is for the edification and guidance of the trial court and not a standard for appellate review."]

"A challenge in an appellate court to the sufficiency of the evidence is reviewed under the substantial evidence rule. [Citations.] '""Where findings of fact are challenged on a civil appeal, we are bound by the 'elementary, but often overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the findings below. [Citation.] We must therefore view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor in accordance with the standard of review so long adhered to by this court." [Citation.]' [Citations.]" (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.) We do not reevaluate the credibility determinations made by the probate court. (See *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 334; *In re Jasmon O.* (1994) 8 Cal.4th 398, 423*; In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.)

1. **Appellant Has Not Demonstrated That The Ruling Was Not Supported by Substantial Evidence**

Bray asserts that the court's determination was not supported by substantial evidence. He claims that he had offered reasons why he should be the conservator, but that Jackson

had offered no legitimate reasons why he should not; that the court relied on false evidence in Jackson's testimony; that he never took money out of his mother's account; and that the question of who provided care for Davis was disputed. None of these arguments survive review. Primarily, Bray disagrees with the court's apparent reliance on Ms. Jackson's testimony, rather than his own. However, that argument would require us to make credibility determinations that are not ours to make. We will not disturb the court's determination concerning the credibility of the witnesses. (*In re Jasmon O., supra,* 8 Cal.4th 398, 423*; In re Kristin H., supra,* 46 Cal.App.4th 1635, 1654.)

With respect to Bray's argument that there was no evidence on which the court could rely to make the finding that he took money from his mother's account, Bray ignores Jackson's testimony that Bray had written checks to himself, signing his mother's name. Bray also fails to acknowledge the court's reference to the investigator's report indicating that Bray had attempted to cash checks he had signed on his mother's account; Bray did not object to the court's consideration of this report. The evidence, taken as a whole, supported the court's determination.

### 2. Appellant Has Not Demonstrated A Criminal Act

Bray also asserts that a criminally false statement of fact was made by the PVP attorney, relying on a statement in the PVP report that Bray had removed Davis from her care facility to take her to the bank to withdraw money and that, as a result, Davis was taken to the hospital for chest pains. The court heard testimony on this issue at the hearing on June 12, at which time Bray admitted that he had attempted to take Davis from the care facility to go to the bank but had been prevented from doing so. While Bray asserts that the court relied on the misstatement, the record instead demonstrates that the trial court fully understood that his attempt had been unsuccessful. Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 86 Cal.Rptr. 65, 468 P.2d 193.) The record demonstrates there was no error.

4

### 3. Appellant Has Not Demonstrated Bias

Relying on a seminal employment discrimination case, *McDonnell Douglas v. Green* (1973) 411 U.S. 792, Bray asserts that the court was biased against him. In *McDonnell Douglas,* the Supreme Court framed the issue to be determined as "the order and allocation of proof in a private, non-class action challenging employment discrimination." (411 U. S. at 800.) The Court held that the complainant in such a case must establish a prima facie case of racial discrimination "by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." (*Id*. 411 U.S. at 802.) After the prima facie showing is made, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." (*Ibid.*)

Bray has not cited any cases applying this test to either the conservatorship or judicial bias context, instead relying on it without explanation. He argues that he has shown that he is a racial minority, and thus a member of a protected class; that he was subjected to an adverse action when his petition was denied; and, as a result, he has made the required prima facie showing of bias. On that basis, he asserts reversal is required.

We do not believe the *McDonnell Douglas* analysis is appropriate in this circumstance. Even a cursory examination of the framework demonstrates that it cannot be applied here.

Bray does not address in any way the second part of the *McDonnell Douglas* formula, which shifts the burden to the employer to show a legitimate explanation for the action taken that does not rest on discrimination. That burden shifting analysis demonstrates the inherent conflict in trying to apply this test to the actions of a court: the court is not a party to the litigation, and has neither the opportunity nor the burden to make a showing Rather, what a court must do is reach the conclusions required by the applicable law based on the record before it, which we review in accordance with the

applicable standard of review.  Here, the record demonstrates the basis for the court's ruling.

Reviewing the evidence in the light most favorable to the ruling, as we must, there was substantial evidence supporting the court's conclusion that Jackson was the better candidate for conservator.  Davis had previously placed Jackson on her bank accounts and signed a healthcare directive giving authority to Jackson; Davis expressed a preference for Jackson as her conservator; and there was testimony, apparently believed by the court, that Bray had not been involved in assisting his mother, or providing care to her, but had instead taken a series of actions that appeared to benefit himself at his mother's expense.

## DISPOSITION

The order is affirmed.  Respondent is to recover her costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.



SEGAL, J.

6